IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MAURICE WHITE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:14cv848(JCC/IDD) |
| ) | |
| MICHAEL CHAPMAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Maurice White's ("White" or "Plaintiff") Notice of and Request for Hearing on Defendants' Objections to Magistrate Judge's Ruling on Motions to Seal. [Dkt. 219.] For the following reasons, the Court will overrule the objections.

**I. Background**

Familiarity with the facts is presumed. (*See* 4/3/15 Mem. Op. and Order on Summ. J. [Dkt. 186].) As relevant here, White brought this action under 42 U.S.C. § 1983 against Wade Phillips ("Deputy Phillips"), a deputy sheriff with the Loudon County Police Department, and Michael Chapman ("Sheriff Chapman") (collectively "Defendants"), Sheriff of Loudon County, Virginia stemming from an August 11, 2013 traffic stop. (Compl. ¶¶ 5-6.) White alleges that Deputy Phillips maliciously

1

orchestrated White's arrest and prosecution on three charges. (*Id.* ¶ 1.) According to White, Deputy Phillips made false statements to secure an arrest warrant and to initiate White's prosecution as retaliation for a complaint White and his wife filed regarding Phillips' behavior during a traffic stop. (*Id.*) As a result of his arrest, White suffered several injuries, including suspension from his job as a federal police officer for eight months. (*Id.*) Pursuant to § 1983, White alleged one count of false arrest ("Count I") and two counts of malicious prosecution (assaulting a police officer ("Count II") and reckless driving and disorderly conduct ("Count III")) against Phillips. He also asserted two counts of malicious prosecution under Virginia law against Phillips (assaulting a police officer ("Count IV") and reckless driving and disorderly conduct ("Count V")) and one count of malicious prosecution under Virginia law based on both strict liability and the doctrine of respondeat superior against Chapman ("Count VI").

Defendants filed for summary judgment. A hearing on the motion was held on March 20, 2015 before the Honorable U.S. District Judge Gerald Bruce Lee. [Dkt. 183.] Judge Lee denied the motion. [*Id.*]. On the same day, the Honorable U.S. Magistrate Judge Ivan D. Davis held a hearing on various motions to seal documents in this case. [Dkt. 182.] As relevant here, Judge Davis denied Defendants' motion to seal internal affairs

reports related to Phillips. (3/24/15 Order [Dkt. 184].) Judge Davis stayed his ruling to allow the parties to appeal.[1] (*Id.*) On April 3, 2015, Defendants[2] filed objections to Judge Davis's ruling, arguing the internal affairs reports should remain sealed. (Objections to Order on Motion to Seal [Dkt. 185].) It was set for a hearing on April 30, 2015.[3]

On April 27, 2015 Defendants filed a motion for reconsideration of the summary judgment ruling or, in the alternative, to take an interlocutory appeal on the question of whether Sheriff Chapman is entitled to sovereign immunity. (Defs.' Mot. for Reconsideration [Dkt. 191].) On April 29, the Court granted leave to take an interlocutory appeal and stayed

---

[1] Judge Davis stayed his ruling as to Dkts. 92, 125, 132, 138, 141, and 157. The documents challenged here are those described in Dkts. 125, 132, 138, and 141. As the Court understands it, the documents are internal affairs reports about Deputy Phillips. As to Dkts. 92 and 157, White's counsel asked Judge Davis to stay his ruling on these documents, which are his disciplinary records. (Hr'g Tr. at 27.) White never filed any objections to the unsealing of Dkts. 92 and 157. Therefore, the stay of the unsealing of those documents should be lifted without any analysis of the merits of the order to unseal.
[2] The objections were filed on behalf of both Defendants. White argues Sheriff Chapman does not have standing to challenge Judge Davis's ruling because the documents at issue are Deputy Phillips's internal affairs reports. As Sheriff Chapman is sued in his individual capacity, not as the Sheriff of Loudon County, he has no interest in the documents. Judge Davis did not conclusively decide this issue. (*See* Hr'g Tr. at 19 ("The Court would tend to agree [that Sheriff Chapman does not have standing].".) As determining whether Sheriff Chapman has standing is not necessary to resolving the merits of this appeal, the Court will not consider this argument in the first instance here.
[3] This case was transferred to the undersigned on April 21, 2015.

this case.  (4/29/15 Order [Dkt. 195].)  An appeal was noticed and docketed.  [Dkts. 197-202.]  After the appeal was docketed, the parties informed the Court that White had accepted Defendants' Offer of Judgment under Federal Rule of Civil Procedure 68.  (Notice of Acceptance of Offer of Judgment [Dkt. 203].)  The appeal was dismissed, vesting this Court with jurisdiction.  [Dkts. 207-209.]  Judgment was entered in favor of White against Deputy Phillips in his individual capacity in the amount of $275,000, and judgment was so entered.  [Dkts. 209, 216.]

White now moves the Court to lift the stay on Judge Davis's ruling unsealing Deputy Phillips's internal affairs reports.  (Notice [Dkt. 219].)  Both Defendants oppose this request, arguing that the Court lacks jurisdiction lift Judge Davis's stay, or, in the alternative, that his ruling should be vacated.  (*See* Phillips Opp'n [Dkt. 220], Chapman Opp'n [Dkt. 221].)  Having been fully briefed and argued, this motion is ripe for disposition.

## II. Legal Standard

Rule 72(a) of the Federal Rules of Civil Procedure allows a magistrate judge to hear and decide non-dispositive motions.  Rule 72(a) also permits a party to submit objections to a magistrate judge's ruling on such motions, like discovery orders.  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. §

636(b)(1)(A); *Fed. Elec. Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citation omitted)).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). The alteration of a magistrate judge's order is "extremely difficult to justify." *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593 (E.D. Va. 2014) (citing 12 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3069 (2d ed. 1997)).

The "clearly erroneous" standard applies to questions of fact. In applying this standard, a reviewing court will not reverse a lower court's findings of fact "simply because we would have decided the case differently." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation and internal quotation marks omitted). "Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Id.* (citation and internal quotation marks omitted). The "clearly erroneous" standard is therefore deferential. *The Christian Coalition*, 178 F.R.D. at 460.

Where pure questions of law are involved, "'that review is plenary under the 'contrary to law' branch of the Rule 72(a) standard.'" *HSBC Bank USA, Nat'l Ass'n v. Resh*, No.

5

3:12cv668, 2014 WL 317820, at *7 (W.D. Va. Jan. 28, 2014) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010) (collecting cases)). "'This means that, for questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] *de novo* standard.'" *Id.* (citing *PowerShare*, 597 F.3d at 15). Therefore, the Court will review the factual portions of the magistrate judge's order under the clearly erroneous standard but will review the legal conclusions *de novo*.

### III. Analysis

Though this case has proceeded to judgment, this Court has jurisdiction to consider the appeal of Judge Davis's sealing order. The Fourth Circuit has held that jurisdiction to review sealing orders is not impacted by resolution of the merits of the underlying case. *See Rosenfeld v. Montgomery Cnty. Pub. Schs.*, 25 F. App'x 123, 131 (4th Cir. 2010) ("The caselaw establishes that our jurisdiction to review a district court's sealing orders is based not on our jurisdiction over the subject matter of the underlying claims addressed by the district court, but on the public right of access, under the common law or the First Amendment, to judicial documents. . . . The dismissal of the [plaintiffs'] claims on standing grounds thus does not deprive this Court of jurisdiction to review the sealing order below[.]"); *In re Policy Mgmt. Sys. Corp.*, Nos. 94-2254, 94-

2341, 1995 WL 541623, at *2 n.3 (4th Cir. Sept. 13, 1995) (noting that settlement did not moot appeal of sealing order because "the right of access to judicial records and documents is independent of the disposition of the merits of the case."); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 n.* (4th Cir. 1988) ("The affirmance of the summary judgment order in this case does not moot the [intervenor's] motion to unseal, because the right of access to judicial records and documents is independent of the disposition of the merits of the case.").

Here, this Court sits as an appellate court in reviewing Judge Davis's sealing order. The fact that this case has proceeded to judgment does not deprive this Court of jurisdiction to hear Defendants' objections to Judge Davis's ruling. Therefore, the Court has jurisdiction to consider whether Judge Davis's ruling was contrary to law.[4]

Turning to the merits, there are two independent sources of the right of public access to documents filed in district court: the common law and the First Amendment. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th

---

[4] Accepting Defendants' jurisdictional arguments would mean that Judge Davis's order would never take effect. Judge Davis's ruling ordered that the documents be unsealed. However, he stayed that order to allow Defendants to appeal. Such appeal was never heard by virtue of Sheriff Chapman's interlocutory appeal. Thus, Defendants' argument that this Court lacks jurisdiction over the case since the case is closed would grant Defendants relief by default – namely, keeping the contested documents sealed – to which they are not entitled.

Cir. 2004). "The common law presumes a right to inspect and copy judicial records and documents." *Stone*, 855 F.2d at 180 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "'This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access,' and 'the party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Va. Dep't of State Police*, 386 F.3d at 575 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)).

The First Amendment guarantee of access, however, has been "extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180. Where the First Amendment does guarantee access, "there must be a showing, in the first instance by the district court, that the denial serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *Rushford*, 846 F.2d at 253. In making that determination, there must be (1) adequate notice that the documents may be sealed; (2) interested persons must have an opportunity to object to the request before the court makes its decision; (3) if sealed, the court must state its reasons on the record, supported by specific findings, and (4) the court must state its reasons for

rejecting alternatives. *Id.* (citing *In re Knight Publishing Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)).

At the hearing, Judge Davis noted that the documents in question were both exhibits to and incorporated into Plaintiff's motion for summary judgment. (Hr'g Tr. [Dkt. 219-1] at 5.)[5] As Judge Davis correctly noted, "the First Amendment guarantee applies to documents filed in connection with a summary judgment motion." *In re Policy Mgmt.*, 1995 WL 541623, at *3; *see also Rushford*, 846 F.2d at 252 (stating that documents filed as part of a dispositive motion "lose their status of being raw fruits of discovery") (citation and quotation marks omitted). "A summary judgment motion requires a

---

[5] It appears that the same documents were also incorporated into Plaintiff's oppositions to both Sheriff Chapman's and Deputy Phillips's motions in limine. (Hr'g Tr. at 13, 19.) Since the same documents were used in connection with opposing Defendants' summary judgment motions, and thus the First Amendment protection applies, the Court does not reach the question of whether motions in limine are "judicial documents," that is, whether it is a document a court uses in determining a litigant's substantive rights. *See ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, No. 1:09cv471, 2014 WL 2607364, at *4 (M.D.N.C. June 11, 2014) (noting that there is no consensus among the Courts of Appeal, and specifically no guidance from the Fourth Circuit, as to the appropriate level of protection for documents filed in connection with a non-dispositive pretrial motion that does not concern discovery, i.e., a motion to amend a complaint); *see also In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290-91 (4th Cir. 2013) (stating "documents filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights" and holding that motions filed under 18 U.S.C. § 2703(d) were judicial records because they were filed with the objective of obtaining judicial action or relief pertaining to § 2703(d) orders).

district court to examine the entire record, including affidavits and materials beyond the pleadings, to determine whether there is a genuine issue of any material fact and whether the movant is entitled to judgment as a matter of law." *In Re Policy Mgmt.*, 1995 WL 541623, at *3. In short, summary judgment is a substitute for trial. *Id.*

Judge Davis correctly applied Fourth Circuit precedent in denying the motion to seal. Judge Davis held a hearing in open court to discuss the proposed sealing in which interested persons could object.[6] He found that Defendants had not met their burden here, stating that in a civil case where material is protected by the First Amendment, the only compelling reason to seal is "significant business damaging information such as trade secrets." (Hr'g Tr. at 9.) To the extent that any

---

[6] No member of the press or public objected to sealing the documents at the hearing. Under the relevant case law, objection by a member of the press or public is not a prerequisite to ordering documents unsealed. *See Rushford*, 846 F.2d at 253; *Constand v. Cosby*, -- F. Supp. 3d --, No. 05-1099, 2015 WL 4071586, at *2 (E.D. Pa. July 6, 2015) (noting neither that plaintiff nor a member of the public appeared at the hearing on unsealing documents). During this appeal, the Reporters Committee for Freedom of the Press sent a letter to the undersigned detailing its objection to sealing these documents. [Dkt. 224.] The Court construes this letter as a motion for leave to file an amicus brief, which the Court grants. *See Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007) (citations omitted) ("The Court has broad discretion in deciding whether to allow a non-party to participate as an amicus curiae."); *see also Constand*, 2015 WL 4071586, at *1 n.1 (construing Associated Press's letter to the court as a motion to intervene).

federally-protected medical information was contained within the reports, Judge Davis noted those must be redacted. (Hr'g Tr. at 7.)[7] Ultimately, however, Judge Davis held that there was no legal basis to keep the documents sealed. As Judge Davis noted, "When we look at what has been going on with police forces around the United States, this is exactly the type of information that the public has a great interest in." (Hr'g Tr. at 8.) The reports detail the behavior of a public officer entrusted with the public's confidence on matters relevant to his job performance. Therefore, Judge Davis's decision to keep the documents public is not contrary to law, and the stay on sealing the documents should be lifted.

At the motion hearing, Defendants' counsel argued that Plaintiff had failed to follow the stipulated protective order in filing the instant motion. Specifically, Defendants argued that Plaintiff failed to follow paragraph 11 of the Order. That paragraph states that "[i]f any party disagrees with the designation by the producing party or the non-party of any material as Confidential information, then the parties will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court." (11/12/14 Order [Dkt. 22] ¶ 11.) "If the dispute cannot be resolved informally, the

---

[7] It appears that Judge Davis concluded there was no such information contained in the reports.

producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential within the definition(s) of those term(s) set forth above." (*Id.*) Importantly, paragraph 12 of the Order prohibits any party from filing "pleadings, motions papers, memoranda, affidavits, exhibits, transcripts, or other papers that consist of, contain, or reflect confidential information . . . unless and until the Party has obtained leave of court to file such documents or the portions thereof containing or reflecting such information under seal." (*Id.* ¶ 12.) Thus, the Order contemplates that any information must be kept confidential until the Court says otherwise. Therefore, any material designated as confidential was properly the subject of a motion to seal.

       The internal affairs reports were designated confidential pursuant to the protective order. (11/12/14 Order ¶ 2(b).) As White's counsel noted in the hearing before Judge Davis, the parties agreed that anything marked confidential under the protective order would be subject to a motion to seal if one of the parties wanted to use the document(s) in connection with a pleading. (Hr'g Tr. at 4; *see also* 11/12/14 Order ¶¶ 11, 12.) White filed the motion to seal the internal affairs reports because they were designated confidential by Defendants. (Hr'g Tr. at 5.) Therefore, the Court finds that

Plaintiff complied with the terms of the protective order in filing the motions to seal the internal affairs reports.[8]

## IV. Conclusion

For the foregoing reasons, Defendants' objections to Judge Davis's ruling are overruled. The stay on Judge Davis's order keeping the documents sealed pending an appeal should be lifted. However, this Court will stay its ruling to allow the parties to take an appeal, if any. An appropriate order will issue.

July 14, 2015  /s/
Alexandria, Virginia  James C. Cacheris
UNITED STATES DISTRICT COURT JUDGE

---

[8] The Court makes no comment on whether the parties attempted to resolve the issue informally before filing the motion to seal. The Court assumes that the motions to seal complied with E.D. Va. Local Civil Rule 7(E)'s meet and confer requirement.

13